## DOUGLASS *v.* CRAIG.

In an action of slander defendant may offer, in mitigation, the testimony of a witness to establish that, a short time before the institution of suit, the latter heard a third person tell plaintiff, that the prosecution should not cost plaintiff anything; that plaintiff appeared not to wish to sue ; and that such third person said to plaintiff, that he intended to break down defendant, by lawsuits or otherwise. The jury might infer from the evidence either that defendant did not consider himself injured, or that he felt conscious of his own culpability and feared an investigation, or that he was drawn into the suit, by a third person, as a means of oppressing the defendant.

APPEAL from the District Court of Bossier, *Taylor*, J. *Lawson, Gilbert* and *Landrum*, for the appellant. *Garrett*, for the defendant. The judgment of the court was pronounced by

SLIDELL, J. This is an action of damages for slander. The case was tried by a jury. They gave a verdict for the plaintiff, for one dollar damages. The plaintiff applied for a new trial, which was refused, and he has appealed.

We have been urged by counsel to reverse this verdict rendered by a jury of the vicinage, upon a subject peculiarly appropriate for their consideration ; and the case is pressed mainly upon the ground that, a portion of the evidence was improperly permitted to go to the jury. The evidence excepted to was this ; the witness deposed that, on the day on which the suit was commenced, and before its institution, he heard one *Gilmer* tell *Douglass* that the prosecution of the suit should not cost him (*Douglass*) any thing. That *Douglass* appeared not to wish to have any thing to do with it. The witness being asked by the court, why *Douglass* did not wish to have any thing to do with the suit, answered, that he, *Douglass*, did not wish to bring a suit against *Craig ;* that he, *Douglass*, did not want to have any thing to do with *Craig ;* that *Gilmer* said to *Douglass* that he intended to break down *Craig*, by lawsuits or otherwise. The district judge overruled the objection to the admission of this testimony, on the ground, as he states at the foot of the bill of exceptions, that the evidence was good to show the mind of the plaintiff, and in mitigation of damages.

DOUGLASS
*v.*
CRAIG.

We think the court did not err. The facts and conversation stated were a fair subject to go to the jury. An inference might be drawn from them that the plaintiff did not consider himself injured by the assertions of the defendant, and . was drawn into the suit as an instrument of oppression by a third party ; or that he felt a consciousness of his own culpability, and feared a public investigation of his conduct. It is true that, on the other hand, an inference not unfavorable to the plaintiff might, perhaps, be deduced, namely, that he was a man averse to litigation, and who preferred to suffer an injury rather than be involved in a law-suit. But it was for the jury to weigh the testimony, and draw their inference from what passed between *Douglass* and *Craig*, and from the surrounding circumstances, as shown by the other evidence. If the jury drew the inference unfavorable to the defendant, then they would properly estimate it in fixing the amount of the verdict. It was, therefore, admissible in mitigation, as having a legitimate tendency, construed in a certain sense, to reduce the damages; and it certainly was no ground of objection to it, on the plaintiff's part, that it was on the other hand susceptible of an inference that would make in his favor.

A bill of exceptions was taken to the admission of another portion of the testimony of the same witness, which, we think, should have been excluded as hearsay. It was testimony as to *Gilmer's* assertions in another conversation between *Gilmer* and the witness, out of *Douglass'* presence. But the admission of this evidence was immaterial, as it merely showed that *Gilmer* instigated the suit; which was fully shown by the conversation between *Douglass* and *Gitmer*.

One of the charges made against the plaintiff, we have no doubt, from a perusal of the evidence and from the lowness of the verdict, was considered by the jury as justified. The damages, it is fair to conclude, were assessed with reference to the other charge, which was not justified in the answer, nor proved to be true. It was of the gravest character ; but was probably considered by the jury as uttered in the heat of passion arising from the recent violation of the defendant's rights, which occasioned the other slanderous words. Although the amount of damages found was very low, we do not feel authorized, after a consideration of the whole case, to disturb the verdict.

*Judgment affirmed.*